UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RENO BRETON,

                                  Plaintiff,

      - against -                                        **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT,
KEIYON S. RAMSEY Individually,                   **Jury Trial Demanded**
and Officer John Doe Individually,

                                 Defendants.
------------------------------------------------------------------X

        Plaintiff RENO BRETON, by his attorneys, CAMPANELLI & ASSOCIATES, P.C., as

and for his complaint, respectfully alleges as follows:

## I       Introduction

        1.      The plaintiff, Reno Breton, brings this action to seek redress for the deprivation of

his property without regard to his well-settled constitutional rights to *Due Process* and to be free

from unreasonable seizures.

        2.      Specifically, the defendants have deprived the plaintiff of his rights, secured by

the Fourteenth Amendment to the United States Constitution, to be free from State deprivations

of property without *Due Process* of law, and his right, secured by the Fourth Amendment to the

United States Constitution, to be free from unreasonable seizures.

        3.      The defendants have seized a motor vehicle belonging to the plaintiff and refused

to release it to the plaintiff, demanding that the plaintiff identify a person who had apparently

been operating the plaintiff's vehicle sometime prior to its seizure by the police department.

4.     The defendants have no basis for retaining continuing possession of the plaintiff's vehicle, as there is no pending criminal case within which the vehicle is needed as evidence, and even if there were, the defendants have violated the plaintiff's constitutional rights by affording the plaintiff no pre-seizure or post-seizure hearing.

5.     Despite not having any basis to continue to deprive the plaintiff of his automobile, the defendants refused to release the plaintiff's vehicle when the plaintiff physically went to the 43rd Precinct to retrieve same and refused to release it despite two successive written demands for the release of same.

6.     As a result of the foregoing, the defendants have deprived the plaintiff of his property without *Due Process* of law, and he is entitled to obtain redress pursuant to 42 U.S.C. §1983.

## II        Jurisdiction and Venue

7.     This is a civil action seeking a declaratory judgment, injunctive relief, compensatory damages, costs, and attorneys' fees brought pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. §§ 2201(a) and 2202, to redress deprivations, under color of law, of rights, privileges, and immunities guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, brought by the owner of a motor vehicle that was seized and retained by the defendants

8.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983, in that this is a civil rights action arising under the Constitution and laws of the United States.

2

9.      The plaintiff seeks declaratory relief, injunctive relief, and compensatory damages pursuant to 28 U.S.C. §§ 2201(a) and 2202.

10.      The plaintiff seeks reasonable attorneys' fees as part of the costs authorized to the prevailing party in an action pursuant to 42 U.S.C. §1983, predicated upon 42 U.S.C. §1988 and 42 U.S.C. §2000.

11.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred within the Bronx, New York.

### III      The Parties

12.      Plaintiff RENO BRETON is an individual residing in Waterbury, Connecticut.

13.      Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

14.      The New York City Police Department (hereinafter referred to as the NYC PD) is an Agency of the defendant City of New York.

15.      Upon information and belief, at all relevant times described herein, defendant Keiyon S. Ramsey was an individual employed by the New York City Police Department as an Inspector, and as the Commanding Officer of the 43rd Precinct of the New York City Police Department, with an actual place of employ at 900 Fteley Avenue, Bronx, New York, 10473.

16.      Upon information and belief, at all relevant times described herein, defendant Officer John Doe was and remains an individual employed by the New York City Police Department, as an officer and/or detective of the New York City Police Department, with an actual place of employ at 900 Fteley Avenue, Bronx, New York, 10473.

IV      **Preliminary Facts**

17.    At all relevant times described herein, the plaintiff, RENO BRETON, was, and remains, the owner of a Toyota Corolla automobile bearing Vehicle Identification Number 2T1BU4EE5AC532067.

18.    On or about November 11, 2022, the defendants seized the plaintiff's vehicle, which was taken to the 43rd Precinct of the NYC PD, which was, and is, located at 900 Fteley Avenue, Bronx, NY 10473.

19.    On or about November 13, 2022, the plaintiff physically went to the 43rd Precinct of the NYC PD and requested the release of his motor vehicle.

20.    While at the precinct, the plaintiff met with defendant Officer John Doe, that being the fictitious name of an actual officer with whom the plaintiff met but whose actual name the plaintiff cannot recall.

21.    Officer John Doe advised the plaintiff that his vehicle had been operated by someone who had allegedly been speeding and that such person had refused to pull over for police but instead parked the vehicle, locked it, and left the scene.

23.    Officer John Doe provided the plaintiff with a record of the NYC PD, which detailed such event, a copy of which is annexed hereto as Exhibit "A."

24.    Officer John Doe additionally advised the plaintiff that the Police Department seized the vehicle by deeming it a "stolen vehicle." Annexed hereto as Exhibit "B" is a "Recovered Stolen Vehicle Report" from the Police Department pertaining to the plaintiff's vehicle.

25.    The plaintiff demanded the release of his vehicle back to him, but defendant Officer John Doe advised the plaintiff that the Police Department would not release his vehicle to him unless and until he "*told [his] boy to turn himself in.*"

26.    Such statement by defendant Officer John Doe apparently meant that the defendants wanted the plaintiff to tell whoever had been operating the plaintiff's vehicle before its seizure by the police department to "*turn [themselves] in to the police department*" to face whatever offenses the police department is seeking to charge against such individual.

27.    While the plaintiff had granted permission to a third person to operate his vehicle prior to the time it was seized by the NYC PD, the plaintiff was not present when it was seized, and as such, the plaintiff has no personal knowledge of who it is that the NYC PD wants to "turn themselves in."

28.    Nonetheless, even if the plaintiff did have personal knowledge of the person the police were "looking for,' it is a blatant violation of the plaintiff's constitutional rights to withhold his motor vehicle for no reason other than to "extort" information from the plaintiff, or to extort the plaintiff into taking affirmative actions which the police department want him to undertake.

29.    Under the circumstances, the plaintiff retained counsel to demand that the defendants release his vehicle.

30.    On or about January 25, 2023, the plaintiff's counsel called the 43rd Precinct and spoke to Officer Collins, NYC PD Shield #3211, who advised the plaintiff's counsel that under the practices and procedures of the police department, the officer and/or detective with whom the plaintiff met on November 13, 2022, has sole discretion to retain or release the plaintiff's vehicle.

31.     On January 19, 2023, the plaintiff, through his attorney, made a written demand for the release of his vehicle directly to defendant Inspector Keiyon S. Ramsey, who was, and is, the Commanding Officer of the 43rd Precinct, and who is the final decision-maker as to the policies, practices, and procedures being carried out in that precinct.

32.     A copy of the NYC PD's official internet website, which indicates that defendant Inspector Keiyon S. Ramsey is the "Commanding Officer" of the NYC PD's 43rd Precinct, is annexed hereto as Exhibit "C."

33.     A true copy of the plaintiff's written demand, submitted directly to Commanding Officer Inspector Ramsey by Priority Mail, is annexed hereto as Exhibit "D."

34.     That written demand was ignored by the defendants, including but not limited to the Commanding Officer, defendant Inspector Keiyon S. Ramsey.

35.     Thereafter, on January 25, 2023, the plaintiff, through his attorney, made a second written demand for the release of his vehicle directly to defendant Inspector Keiyon S. Ramsey, who was, and is, the Commanding Officer of the 43rd Precinct, and who is the final decision-maker as to the policies, practices, and procedures being carried out in that precinct.

36.     A true copy of such second written demand, which also contained a demand pertaining to the policies, practices, and procedures of the 43rd Precinct, is annexed hereto as Exhibit "E."

37.     That second written demand was also ignored by the defendants, including but not limited to defendant Inspector Keiyon S. Ramsey.

6

38.     As is clearly-established law of which any commanding officer of a NYC PD precinct would be aware, under the constraints of the 14th Amendment to the United States Constitution, the defendants are required to afford vehicle owners, inclusive of the plaintiff, *Due Process*, before effectuating a *continuing deprivation* of their vehicles.

39.     As the U.S. Court of Appeals for the Second Circuit has explicitly ruled, to comport with the constraints of the *Due Process Clause* of the 14th Amendment, a municipality that seizes and seeks to retain possession of a motor vehicle under a seizure program must: (a) provide the owner of such vehicle with a prompt "retention hearing" (b) which must be conducted by a "neutral hearing officer." Krimstock v. Kelly, 306 F.3d 40 (2nd Cir.2002).

40.     As is also clearly-established law, the same hearing requirements apply to cases within which a police department seeks to retain continuing possession of a motor vehicle for use as evidence in a criminal proceeding.

41.     In the absence of meeting such burdens at a retention hearing, the *Due Process Clause* of the 14th Amendment requires the municipality to release the respective vehicle back to its owner.

42.     Having seized and continued to deprive the plaintiff of the use and possession of his motor vehicle while having afforded him no pre-seizure or post-seizure hearing, the defendants have deprived the plaintiff of his property without *Due Process* of law in violation of the plaintiff's U.S. Constitutional rights.

7

**CLAIM FOR RELIEF**

**COUNT ONE**

***DUE PROCESS* CLAIMS UNDER THE**
**FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION**

(Procedural *Due Process* - 42 U.S.C. §1983)

43.     The plaintiff repeats and reiterates the allegations set forth within paragraphs "1"

through "42" herein above, with the same force and effect as if fully set forth at length herein.

44.     At all times described herein, the plaintiff possessed the clearly-established

property rights, under New York State Law, to purchase, own, use, and possess his motor vehicle

without unlawful deprivation of his use or possession and without unlawful and arbitrary

interference and deprivation from the defendants.

45.     As described above, the defendants herein have deprived, and continue to deprive,

the plaintiff of his property rights in using and possessing his motor vehicle without *Due Process*

of law.

46.     The defendants effectuated such deprivation by creating and applying policies,

practices, and procedures pursuant to which the defendants have been permitted to retain

continuous possession of the plaintiff's motor vehicle and deprived him of the use and

possession of same.

47.     The defendants applied such Constitutionally infirm practices, notwithstanding

the dictates of the *Due Process Clause* and the Second Circuit's holding in Krimstock.

8

48.     In effectuating the deprivation of the plaintiff's right to use and possess his motor vehicle, the defendants violated the plaintiff's right to procedural *Due Process* as guaranteed under the Fourteenth Amendment of the United States Constitution. As such, the defendants are liable to the plaintiff pursuant to 42 U.S.C. § 1983.

49.     As a result of the aforesaid defendants' violation of the plaintiff's procedural *Due Process* rights, the plaintiff has been damaged by being unable to use and enjoy his property and by being unlawfully deprived of his vehicle, and he is therefore entitled to obtain damages equal to his vehicle's fair market rental value for the entire period of such deprivation.

50.     Under federal law, the plaintiff is entitled to an order directing the defendants to release the plaintiff's vehicle to the plaintiff immediately.

51.     Under New York substantive law, the plaintiff is entitled to damages equal to the fair market rental value of his vehicle for the entire period during which the defendant deprived him of its use without having afforded him *Due Process* Kuwait Airways Corporation v. Ogden Allied Aviation Services, 726 F.Supp. 1389 (E.D.N.Y.1989), MCI Worldcom Network Services v. Pecrete Construction Inc., 2006 WL 559664 (S.D.N.Y. 2006), Mountain View Coach Lines Inc. v. Storms, 102 A.D.2d 663, 476 NYS2d 918 (2nd Dept. 1984), Sellari v. Palermo, 188 Misc. 1057, 70 NYS2d 554 (1947) Naughton Mulgrew Motor Car Co. v. Westchester Car Co. 105 Misc. 595, 173 NYS 437 (1919).

52.     All of the injuries described herein above were actually and proximately caused by the acts of the defendants, and their agents, as described herein.

**Monell Liability**

53.     As set forth herein above, the Commanding Officer of the 43rd Precinct, Inspector Keiyon S. Ramey was made affirmatively aware that the plaintiff's vehicle was being retained without lawful basis, and that "the policy" being carried out by the precinct was that detectives were authorized to unilaterally choose to release or retain the plaintiff's motion vehicle, despite the fact that there was no lawful basis for retaining the same.

54.     Notwithstanding having been explicitly advised of the same, not once but twice, the Commanding Officer's failure and/or refusal to investigate or address such blatant constitutional violation constituted his constructive acquiescence to the same by the senior policy-making official of the Precinct. *See* <u>Soriucco v. New York City Police Department</u>, 971 F2d. 864 (2d cir. 1992).

55.     Contemporaneously, the NYC PD has failed to train and/or properly supervise its Detectives and Officers as to the clearly-established requirements of <u>Krimstock</u> and its progeny.

56.     It is beyond clearly-established law that police departments cannot seize motor vehicles and to thereafter deprive their owners of the use and possession of their motor vehicles without affording them a hearing, given the multitude of decisions handed down by the United States Court of Appeals for the Second Circuit, each of which unequivocally states the same.

57.     Notwithstanding same, both the Commanding Officer of the 43rd Precinct and at least two detectives under his command were not trained and/or were not supervised to understand that they could not retain continuing possession of the plaintiff's motor vehicle for no purpose other than to try to "force" the plaintiff to induce a third party to "turn themselves in" to face whatever charges they wanted to charge against such person.

58.     Such failures to train and/or supervise were clearly not inadvertent (with respect to the Commanding Officer's affirmative knowledge of what was transpiring) but were, in fact, deliberate in that the final decision-maker of the precinct was well aware of the *Due Process* violations being carried out by the Detective(s) under his command. Such final decision maker deliberately, willfully and knowingly failed and refused to intervene and/or correct such ongoing violation of the plaintiff's rights or to provide proper training to the NYC PD employees under his command and supervision to bring an end to such ongoing unconstitutional actions.

59.     Such failures to train and/or supervise have caused the plaintiff to be deprived of using and possessing his motor vehicle, without *Due Process* of law, in violation of his U.S. Constitutional rights.

60.     Because the actions described herein, and the resultant injuries sustained by the plaintiff was undertaken pursuant to policies, customs, and practices maintained by the defendants and the final decision-maker of the 43rd Precinct of the NYC PD, the NYC PD, and the other defendants are "persons" liable to the plaintiff under 42 U.S.C. §1983.

## COUNT II
### *DUE PROCESS* CLAIMS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

(Substantive *Due Process* - 42 U.S.C. §1983)

61.     The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "60" herein above, with the same force and effect as if fully set forth at length herein.

62.     At all times described herein, the plaintiff was vested of constitutionally protected property rights in the use and possession of his motor vehicle.

11

63.   As detailed herein above, the defendants arbitrarily, capriciously, and deliberately deprived the plaintiff of such property rights, and engaged in a pattern of conduct that was oppressive in a constitutional sense, in violation of the plaintiff's rights to substantive due process, as guaranteed to the plaintiff under the Fourteenth Amendment of the United States Constitution.

64.   More specifically, the defendants refused to release the plaintiff's motor vehicle for the sole purpose of seeking to "extort" the plaintiff into taking action desired by the police department and, more specifically, to force the plaintiff to induce a third party to surrender themselves to the defendants, to be prosecuted for one or more offenses with which the defendants wished to charge that individual.

65.   All of the injuries described herein above were actually and proximately caused by the acts of the defendant described herein.

66.   The aforesaid defendant's violation of the plaintiff's *Due Process* rights was made under color of state law, which constitutes "state action" under 42 U.S.C. § 1983.

67.   Having violated the plaintiff's Constitutionally protected rights deliberately, and concomitantly having caused the plaintiff to sustain monetary damages as a result thereof, the defendant is liable to the plaintiff, and the plaintiff is entitled to secure relief against the defendant, pursuant to 42 U.S.C. §1983.

## COUNT THREE

### <u>DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF</u>

68.     The plaintiff repeats and reiterates the allegations set forth within paragraphs "1" through "67" herein above, with the same force and effect as if fully set forth at length herein.

69.     As described herein above, the defendants have violated and continue to violate the plaintiff's constitutional right to *Due Process* by depriving the plaintiff of the use and possession of his motor vehicle without *Due Process*.

70.     The defendants have continued, and continue such ongoing deprivations, despite the fact that no reasonable Police Officer, Detective, or Inspector could reasonably believe that they could retain continuing possession of the plaintiff's vehicle while violating the constraints of the *Due Process Clause* of the 14th Amendment as were laid bare within <u>Krimstock</u> and its progeny.

71.     Despite the same, the defendants: (a) ongoing refusal and failure to comply with the dictates of Krimstock, (b) continuing refusal to release the plaintiff's motor vehicle continues at present, and (c) continuing violation of the plaintiff's rights, persist to date.

72.     As such, there is an actual controversy over which this Court possesses jurisdiction.

73.     In view of the foregoing, the plaintiff seeks (a) a declaratory judgment, adjudging that such practices on the part of the defendants are unconstitutional, that the continuing deprivation of the plaintiff's rights is unconstitutional, and (b) affirmative injunctive relief, in the form of a Court Order ordering the defendants to release the plaintiff's motor vehicle immediately.

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff requests that the Court render judgment:

## COUNT ONE

### Procedural *Due Process* Claim

(a) Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendants, in such amounts as the plaintiff establishes at the time of trial; and

(b) For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c) For an award of punitive damages against defendants KEIYON S. RAMSEY individually and John Doe individually; and

(d) For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e) For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f) For such other and further relief as this Court may deem just and proper.

14

## COUNT TWO

### Substantive *Due Process* Claim

(a)     Awarding the plaintiff compensatory damages against the defendants, jointly and severally, in the amount of $100,000 or such other amount proven at trial, for the loss of use and/or the opportunity for the use of his vehicle and for the cost to repair any damages sustained by the vehicle while it was in the exclusive possession of the defendant, in such amounts as the plaintiff establishes at the time of trial; and

(b)     For an order directing the defendants to release the plaintiff's vehicle back to the plaintiff immediately; and

(c)     For an award of punitive damages against defendants KEIYON S. RAMSEY individually and John Doe individually; and

(d)     For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(e)     For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(f)     For such other and further relief as this Court may deem just and proper.

## COUNT THREE

### Declaratory Judgment and Injunctive Relief

(a)  Adjudging and declaring that the defendants' practices described herein above are violative of the *Due Process Clause* of the 14th Amendment, and

(b)  Enjoining the defendants from continuing to maintain such constitutionally infirm practices, and

(c)  For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988(b); and

(d)  For any and all expert fees incurred by the plaintiff, pursuant to 42 U.S.C. §1988(c); and

(e)  For such other and further relief as this Court may deem just and proper.

Dated: Merrick, New York
      February 1, 2023

Yours etc.,

Campanelli & Associates, P.C.

By: _____
        Andrew J. Campanelli
        Attorneys for Plaintiff
        1757 Merrick Avenue, Suite 204
        Merrick, New York 11566